# EXHIBIT A

# EXHIBIT A

Electronically Filed
1/27/2020 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JOHN B. GREENE, ESQ.
NEVADA BAR NO. 004279
ROBERT D. VANNAH, ESQ.
NEVADA BAR NO. 002503
**VANNAH & VANNAH**
400 South Seventh Street, 4th Floor
Las Vegas, Nevada 89101
Telephone: (702) 369-4161
Facsimile: (702) 369-0104
jgreene@vannahlaw.com
Attorneys for Plaintiff

CASE NO: A-20-809260-C
Department 1

# EIGHTH DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| PETER J. HELLMAN,<br><br>              Plaintiff,<br>vs.<br><br>GREYSTONE NEVADA, LLC.; LENNAR SALES CORP.; DOES I through X; and, ROE CORPORATIONS XI through XXXI, inclusive,<br><br>              Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

Plaintiff PETER J. HELLMAN (PLAINTIFF), through his attorneys of record, ROBERT D. VANNAH, ESQ. and JOHN B. GREENE, ESQ. of **VANNAH & VANNAH**, and for his causes of action against Defendants, and each of them, alleges as follows:

1.    That at all times relevant to this action, PLAINTIFF was, and now is, a resident of Clark County, Nevada; that all acts alleged in PLAINTIFF'S complaint occurred in Clark County, Nevada; and, that PLAINTIFF seeks in excess of $15,000.00 in damages.

2.    That upon information and belief, and at all times relevant to this action, Defendant GREYSTONE NEVADA, LLC (GREYSTONE), was, and now is, a foreign corporation or entity licensed and doing business in Clark County, Nevada.

1

3. That upon information and belief, and at all times relevant to this action, Defendant LENNAR SALES CORP. (LENNAR), was, and now is, a foreign corporation or entity licensed and doing business in Clark County, Nevada. At times, GREYSTONE and LENNAR are referred to as DEFENDANTS.

4. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does I through X and Roe Corporations XI through XXXI are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and therefore alleges that each of the Defendants designated as a Doe and/or a Roe owes a non-delegable duty to PLAINTIFF and is negligently responsible in some manner for the events and happenings referred to in this matter and negligently caused injury and damages proximately thereby to PLAINTIFF. PLAINTIFF is informed and believes and therefore alleges that DOE I was responsible for the temporary railing and/or bannister that gave way, and failed to properly warn and/or affix temporary railing and/or bannister that gave way. PLAINTIFF is informed and believes and therefore alleges that DOE II was responsible for failing to accompany the PLAINTIFF into the residence and/or failed to properly warn of the temporary railing and/or bannister that gave way. The Doe and Roe Defendants may have been responsible for the construction, inspection, maintenance, care, and upkeep of the PREMISES, which will be more particularly described in this Complaint, and which is located in Las Vegas, Nevada. PLAINTIFF will ask leave of this Court to further amend this Complaint to insert the true names and capacities of these Defendants when the true names have been ascertained by PLAINTIFF, together with charging allegations, and to join such Defendants in this action.

5. Upon information and belief, DEFENDANTS owned, occupied, operated, controlled, inspected, managed, constructed, and are therefore responsible in all aspects for certain real property located in Clark County, Nevada, which was located at 175 Elder View Drive in Las Vegas, Nevada,

that DEFENDANTS were constructing as a single-family home (the PREMISES) for PLAINTIFF.

## FIRST CAUSE OF ACTION

### (Negligence – Res Ipsa)

6. The PLAINTIFF repeats and re-alleges each and every allegation contained in Paragraphs 1 through 5 and incorporates the same by reference as though fully set forth herein.

7. On or about August 12, 2018, PLAINTIFF entered the PREMISES to see how construction was progressing.

8. As PLAINTIFF was walking up the stairway way of the PREMISES, and while exercising reasonable care for his own well-being, and while on an elevated portion of a stairway at the PREMISES, an improperly secured railing (the CONDITION) gave way. There were no warning signs in place of the CONDITION, nor was PLAINTIFF provided any prior oral warnings. Plaintiff fell from the stairway, landing on his head and back, suffering serious personal injuries, including a loss of consciousness.

9. The CONDITION, which was created by DEFENDANTS, and/or a CONDITION which DEFENDANTS had actual and/or constructive notice thereof prior to PLAINTIFF'S fall, was a dangerous condition which should have been either remedied or adequately warned of prior to PLAINTIFF'S incident.

10. DEFENDANTS owed a non-delegable duty to PLAINTIFF to offer and to maintain the PREMISES free of the dangerous CONDITION. DEFENDANTS also owed a non-delegable duty to warn PLAINTIFF of the existence of the dangerous CONDITION. DEFENDANTS negligently breached the non-delegable duties it owed to PLAINTIFF by creating and/or negligently allowing the dangerous CONDITION to exist and persist on the PREMISES prior to PLAINTIFF'S incident, yet negligently failed to take any reasonable measure to either remedy or to warn PLAINTIFF of the dangerous CONDITION prior to her fall.

11. At all relevant times, DEFENDANTS, by and through their agents, servants, and employees, had exclusive control and possession of the PREMISES and of the CONDITION. The existence of the CONDITION and the resulting injuries and damages to PLAINTIFF are such that in the ordinary course of things PLAINTIFF'S fall would not have occurred if DEFENDANT had exercised ordinary care in the design, building, maintenance, operation, inspection, and/or control of the PREMISES. Due to the preceding facts, the negligence of DEFENDANTS is inferred under the doctrine of Res Ipsa Loquitur.

12. As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, the PLAINTIFF was injured in his health, strength and activity, sustained shock and injury to his person and incurred medical expenses, all of which has caused and will continue to cause PLAINTIFF pain and suffering, all to PLAINTIFF'S damages in an amount in excess of $15,000.00.

13. PLAINTIFF has been required to obtain the services of an attorney to prosecute this action and is therefore entitled to recover attorney's fees and cost of suit.

## SECOND CAUSE OF ACTION

**(Failure to properly hire, supervise, and/or train personnel)**

14. PLAINTIFF repeats and re-alleges each and every allegation contained in Paragraphs 1-13 and incorporates the same by reference as though fully set forth herein.

15. At all times mentioned herein, the DEFENDANTS hired, screened, employed, trained, supervised and/or controlled personnel responsible for the building, inspection, maintenance and repair of the premises, and/or such personnel was their agent.

16. At all times mentioned herein, said personnel failed to use reasonable care in the hiring, screening, employment, training, supervision and/or control of the premises while acting in the scope of their employment or agency.

17.     At all times mentioned herein, the DEFENDANTS were responsible for the negligence, carelessness and recklessness of their personnel, whose acts were in furtherance of the business and/or their principals.

18.     At all times mentioned herein, the negligent, careless and reckless acts of the personnel and/or personnel's failure to act, were done with a common purpose and/or joint venture existed between them and the DEFENDANTS.

19.     At all times mentioned herein, the Defendants are jointly and severally liable for the negligence, carelessness and recklessness of their personnel, committed while the common purpose and/or joint venture existed between them.

20.     As a direct and proximate result of the negligence, carelessness and recklessness of the DEFENDANTS, the PLAINTIFF was injured in his health, strength and activity, sustained shock and injury to his person and incurred medical expenses, all of which has caused and will continue to cause PLAINTIFF pain and suffering, all to PLAINTIFF'S damages in an amount in excess of $15,000.00.

21.     PLAINTIFF has been required to obtain the services of an attorney to prosecute this action and are therefore entitled to recover attorney's fees and cost of suit.

### THIRD CAUSE OF ACTION

**(Respondeat Superior, Vicarious Liability & Agency/Joint & Several Liability)**

22.     PLAINTIFF repeats and re-alleges each and every allegation contained in Paragraphs 1 through 21 and incorporates the same by reference as though fully set forth herein.

23.     At all times mentioned herein, the DEFENDANTS hired, screened, employed, trained, supervised and/or controlled personnel responsible for the design, building, inspection, maintenance and repair of the premises, and/or such personnel was their agent.

24.     At all times mentioned herein, said personnel failed to use reasonable care in the

hiring, screening, employment, training, supervision and/or control of the premises while acting in the scope of their employment or agency.

25. At all times mentioned herein, the DEFENDANTS were responsible for the negligence, carelessness and recklessness of their personnel, whose acts were in furtherance of the business and/or their principals.

27. At all times mentioned herein, the negligent, careless and reckless acts of the personnel and/or personnel's failure to act, were done with a common purpose and/or joint venture existed between them and the DEFENDANTS.

28. At all times mentioned herein, the DEFENDANTS are jointly and severally liable for the negligence, carelessness and recklessness of their personnel, committed while the common purpose and/or joint venture existed between them.

29. As a direct and proximate result of the negligence, carelessness and recklessness of the DEFENDANTS, PLAINTIFF was injured in his health, strength and activity, sustained shock and injury to his person and incurred medical expenses, all of which has caused and will continue to cause PLAINTIFF pain and suffering, all to PLAINTIFF'S damages in an amount in excess of $15,000.00.

30. PLAINTIFF has been required to obtain the services of an attorney to prosecute this action and are therefore entitled to recover attorney's fees and cost of suit.

WHEREFORE, PLAINTIFF, PETER J. HELLMAN, expressly reserving his right to amend this Complaint at the time of trial of this action to include all items of damages not yet ascertained, prays for the following relief against DEFENDANTS, and Doe and Roe Defendants, as follows:

   a. General and emotional injury in an amount in excess of $15,000.00;

   b. For special damages in an amount to be proven at trial;

   c. For future medical care, future loss of income and earning capacity, future loss of

household services, and future pain, suffering, emotional anxiety and distress in an amount to be proven at trial;

d. For an award of reasonable attorney's fees and costs of suit;

e. Prejudgment interest; and,

f. For any further relief as the Court deems to be just and proper.

Dated this __27__ day of January, 2020.

VANNAH & VANNAH

JOHN B. GREENE, ESQ.