UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Peter J. Hellman, | Case No. 2:20-cv-00559-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 37** |
| Greystone Nevada, LLC, *et al.*, | |
| Defendants. | |

Before the Court is Defendants' Greystone Nevada, LLC and Lennar Sales Corp. motion to compel a second independent medical examination ("IME") of Plaintiff. ECF No. 37. The opposition is at ECF No. 43, and the reply is at ECF No. 47.

The Court heard argument on this matter on October 12, 2021.[1] *See* ECF No. 54. The parties are familiar with the arguments, so the Court does not repeat them here.

As mentioned during the hearing, there appear to be two issues before the Court: (1) whether Plaintiff should be subject to a second IME, and 2) whether the report of the first IME (by Dr. Manning) should have been turned over "upon request," or whether it is subject to the expert discovery deadlines set for in the discovery plan and scheduling order.

**I.   Second IME**

There is no rule prohibiting having a Plaintiff undergo more than one IME. In fact, if multiple conditions are at issue, the court can order multiple examinations. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 392 (S.D. Tex. 2013). Here, there are several conditions of Plaintiff "in controversy."[2] And while, as Plaintiff argues, there may well be several "one-stop-shops" that could have examined all conditions at issue, the rules do not restrict Defendants to such a requirement.

---

[1] The Court intended to have an Order for the parties sooner. Unfortunately, other matters have prevented the Court from doing so.

[2] The Court relies on Plaintiff's answers to interrogatories and those provided during his deposition.

The fact that Defendants' notice could have been clearer in terms of what Dr. Manning would be examining, his declaration makes clear that he examined Plaintiff's knee and that another surgeon would be examining the back or spine. *See* ECF Nos. 43-1 and 38-1. Given this declaration, Plaintiff's argument that it should satisfy itself that Dr. Manning's examination did not include the back and spine before ordering a second IME lacks traction.

Accordingly, based on the above, the Court finds good cause for Plaintiff to submit to a second IME with Dr. Forage.

## II.     Timing for Disclosure of IME with Dr. Manning

In addition to conducting an IME, Dr. Manning has been hired by Defendants as one of their experts. The main issue in dispute is whether Defendants needed to turn over the Rule 35 report "upon request" or whether the deadlines for expert disclosures applied. Expert disclosures were due in this case on November 7, 2021. ECF No. 32. As a result, it appears that this issue is now moot as Defendants should already have turned over the report in question.

## III.    Fees

The Court will award fees. Fed. R. Civ. P. 37(a)(5). There is no question that Plaintiff is subject to a second IME. The issue of whether Dr. Manning's report should have been turned over sooner is a separate issue, and for which a motion was ultimately filed (ECF No. 53), and does not dictate whether a second IME is to take place. The parties are ordered to meet and confer on the issue of fees within 10 days of this Order.

## IV.     Conclusion

Based on the above, it is ordered that ECF No. 37 is **GRANTED**.


DATED: December 25, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE