# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Peter J. Hellman,

          Plaintiff,

    v.

Greystone Nevada, LLC, *et al*.,

          Defendants.

Case No. 2:20-cv-00559-JCM-BNW

**ORDER re ECF No. 63**

    Defendants move to compel non-party Dr. Kimberly Adams, M.D. to sit for a deposition and to produce documents (enumerated at ECF No. 64-10 at 5–9) relating to Plaintiff's treatment. ECF No. 63 at 1–2. They also request "attorneys' fees and costs expended to obtain her deposition and documents, and . . . to hold Dr. Adams in contempt if she fails to do as ordered." *Id*. at 3.

    Defendants explain that they initially served Dr. Adams with a subpoena to attend a deposition set for August 11, 2021 and to produce documents related to her treatment of Plaintiff. *Id*. at 6. Defendants and Dr. Adams subsequently agreed to move the deposition to August 20, 2021. *Id*. But Dr. Adams did not attend the rescheduled deposition. ECF No. 64-9.

    As a result, Defendants served her with a renewed subpoena to attend a deposition scheduled for February 18, 2022 and to produce the same documents previously requested. ECF No. 63 at 6. While Defendants filed proof of service of the subpoena relating to the August deposition (ECF No. 64-8 at 10), they did not file proof of service relating to the February deposition subpoena (*see* ECF No. 64-10). Nonetheless, Defendants vacated the deposition because "Dr. Adams' office represented that documents were forthcoming." ECF No. 63 at 6; *see also* ECF No. 64-7 at 5 ("As discussed we are taking your Zoom deposition off calendar tomorrow."). Additionally, they note (in their motion to compel) that while "Dr. Adams' office

did send [them] various documents," the submitted documents were ones they already possessed. ECF No. 63 at 6.

While the Court would be inclined to grant Defendants' motion only to the extent that it would order Dr. Adams to sit for a deposition and to produce Plaintiff's relevant medical and billing records, it is premature to do so at this time. This is because Defendants vacated the February 18, 2022 deposition and, as a result, there is nothing that the Court can compel. If Defendants choose to serve Dr. Adams with a renewed subpoena for a deposition and production of documents and she does not comply, then they may refile their motion to compel. The Court cautions Defendants that any renewed motion must include proof of personal service and a proper meet-and-confer declaration. *See* Fed. R. Civ. P. 45(b); LR IA 1-3(f).

Accordingly, **IT IS ORDERED** that Defendants' Motion to Compel at ECF No. 63 is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the motion hearing set for May 18, 2022 is VACATED.

DATED: April 13, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE